IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TERRENCE CLARK  #15066                                                                    PLAINTIFF

versus                                                            CIVIL ACTION NO. 2:03cv614-KS-MTP

LOUIS KITTRELL, *et al.*                                                               DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply with certain orders of the court. The plaintiff, who is currently an inmate in the custody of the Mississippi Department of Corrections, filed his complaint pursuant to 42 U.S.C. § 1983 in December of 2003. He is proceeding *pro se* and *in forma pauperis*. Having considered the complaint along with documents made a part of the record of this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

By way of Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case exemplifies the type of dilatory conduct that warrants rule 41(b) dismissal.

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

On May 17, 2005, an order was entered [20] directing the plaintiff to reply to the defendants' qualified immunity defenses and giving him until June 1, 2005 to do so.  He did not reply.  On June 20, 2005, an order was entered [21], giving the plaintiff until July 5 to show cause why the case should not be dismissed for his failure to comply with the May 17 order.  In response to the show-cause order, Clark sought an extension of time to respond to the defendants' qualified immunity defenses. [22 at ¶ VI.].  By order entered July 13, the deadline was extended to July 22.  On August 5, Clark again requested an extension of time [24], and by order entered August 8, the deadline was extended to September 9.  That deadline passed without Clark's filing the ordered reply.  On December 9, the magistrate entered another show-cause order [26], requiring a response by January 9, 2006.  Although Clark did respond to the show-case order, he again requested additional time to comply with the May 17, 2005 order. [29 at ¶ II.].  By order entered January 31, 2006, he was given until March 2, 2006.  Now, more than eight months after that deadline passed, Clark has yet to file the ordered reply.

With its clear record of delay, this case may properly be dismissed under rule 41(b).[2]  *Hejl v. State of Texas,* 664 F.2d 1273, 1274-75 (5th Cir. 1982) (affirming dismissal with prejudice in the "face of a clear record of delay" including four extensions of time to comply with order for a more definite statement); *Martinez v. Johnson,* 61 Fed. Appx. 121 (5th Cir. 2003) (affirming dismissal for plaintiff's failure to comply with court orders to amend his complaint); *see also Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker,* 56 F.3d 1386 (5th Cir. 1995) (same).

As an additional matter, the plaintiff–incarcerated or not–has an obligation to inform the

---

[2]On at least two occasions, Clark was warned that his failure to comply with any court order would be "deemed as a purposeful delay and contumacious act" that could result in dismissal of the case. Orders [5] and [15].

court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Uniform Local Rule 11.1; *see also Wade v. Farmers Ins. Group,* 45 Fed. Appx. 323, at *1 & n.12 (5th Cir. 2002)(on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address").   This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."  *Ainsworth v. Payne,* 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

Although Plaintiff Clark was warned several times that his failure to advise the court of a change in his address could result in dismissal,[3] on five occasions copies of orders mailed to him by the clerk's office were returned by the postal service as undeliverable, the last on August 8, 2006.[4] Not only has the plaintiff failed to timely inform the clerk of his address changes, he has not inquired as to the status of his case[5] or otherwise communicated with the court since his January 30, 2006 response to the court's show-cause order.  From this it appears that the plaintiff has lost interest in proceeding with this action and has abandoned it.

---

[3] Orders [2], [4], [5] and [15].

[4] Docket entries [6], [11], [16], [25] and [31].

[5] *See id.* ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.").

3

RECOMMENDATION

As the plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) .

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 13th day of November, 2006.

s/ Michael T. Parker
United States Magistrate Judge